IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JULIUS JACKSON,

        Petitioner,

v.                                                CIVIL ACTION NO. 2:13cv19
                                                      (Judge Bailey)

RUSSELL PARDUE,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 5, 2013, the *pro se* petitioner filed an application for Habeas Corpus pursuant to 28 U.S.C. §2241. On April 29, 2013, the petitioner paid the $5 filing fee. This matter is pending for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On June 24, 2004 the petitioner was charged with violation of 18 U.S.C. §113(a)(6). (Dkt.#1)[1]. On May 16, 2006 the petitioner was sentenced to a term of 120 months. (Dkt.#114).

On May 16, 2006 the petitioner filed a Notice of Appeal. (Dkt. #116). The judgment of the district court was affirmed by the 5th Circuit Court of Appeals on June 29, 2007. (Dkt.#136).

The petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255 on April 7, 2008.

---

[1] All docket references are to the prisoner's criminal case number 1:04cr10019-DDD-JDK-2 available on PACER. It would appear that this conviction resulted from an incident which occurred at USP Pollock in Louisanna. More specifically, the petitioner apparently assaulted another inmate. According to the BOP website, the petitioner's projected release date is February 1, 2016.

(Dkt.#144). The §2255 motion was denied on July 28, 2008. (Dkt.#147).The petitioner filed a motion for a Certificate of Appealability challenging the denial of his § 2255 motion. The Certificate of Appealability was denied by the Fifth Circuit on June 15, 2009. (Dckt. #163).

### III. Claims of the Pending Petition

In support of his §2241 petition before this Court, the petitioner states two grounds for relief:

1. The length of his sentence was determined in an unconstitutional manner through error of the court.

2. The length of the his sentence was determined in an unconstitutional manner as the result of his counsel's ineffectiveness.

For relief, the petitioner requests that he be released from his term in prison.

### IV. Analysis

#### Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under §2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to §2241 is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of §2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under §2241, there is nonetheless a "savings clause" in §2255, which allows a prisoner to challenge the validity of his conviction or sentence under §2241 if he can demonstrate that §2255 is "inadequate or ineffective to test the legality of his detention," Title 28

2

U.S.C. §2255. A petitioner bears the burden of demonstrating that the §2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, §2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence only when all three of the following conditions are satisfied:

1. At the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first §2255 motion , the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, *and*

3. The prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence length. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In this case, even if the petitioner satisfied the first and third elements of Jones, violation of 18 U.S.C.§ 113(a)(6), assault, remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the petitioner's §2241

---

[2] In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000)

motion be **DENIED AND DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of the Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to file timely objections to the Recommendation set forth above will results in waiver of the right to appeal from a judgment of this Court based upon such Recommendation, 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Ci. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of the Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: May 21, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE