**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Elkins**


**JULIUS JACKSON**,

        Petitioner,

    v.                                      **Civil Action No. 2:13-CV-19**
                                                    Judge Bailey

**RUSSELL PARDUE**,

        Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Doc. 23]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on May 21, 2013 [Doc. 23]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's Application for habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo*

1

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on May 29, 2013 [Doc. 24]. The petitioner moved for an extension of time to file his objections [Doc. 26], which this Court granted [Doc. 27]. This Court extended the objections deadline to July 3, 2013. The petitioner filed a Motion to Amend 2241 Petition on June 17, 2013 [Doc. 28], and filed a Motion to Supplement Petitioner (*sic*) 28 U.S.C. 2241 on July 1, 2013 [Doc. 30]. No other filings were received. Accordingly, this Court will treat the petitioner's Motion to Supplement as his objections. This Court will review the portions of the R&R to which objection was made under a *de novo* review. The remaining portions of the R&R will be reviewed for clear error.

Mr. Jackson was convicted in the United States District Court for the Western District of Louisiana of assaulting a fellow prisoner and causing serious bodily harm under 18 U.S.C. § 113(a)(6) on June 24, 2004. The defendant was sentenced to a term of 120 months. On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed his conviction. *United States v. Jackson*, 230 Fed.Appx. 425 (5th Cir. June 6, 2007).

"In March 2008, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. By Judgment dated August 26, 2008, [the district court] adopted the Magistrate Judge's Report and Recommendation and denied Petitioner's § 2255 motion. Petitioner appealed that Judgment, and, in due course, the United States Court of Appeals for the

Fifth Circuit denied Petitioner's request for a Certificate of Appealability, finding Petitioner had failed to show 'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" **United States v. Jackson**, 2012 WL 601244 (W.D. La. February 22, 2012)(citations to the record omitted).

"On December 15, 2011, Petitioner filed a Motion for Reconsideration of the August 26, 2008 Judgment and cited as his authority Fed.R.Civ.P. 60(b). In that document, Petitioner reasserted many of the constitutional claims he had made in support of his § 2255 motion, and he asked that his claim be reopened." **Id.**

"After a thorough review of the record, the Motion for Reconsideration was denied 'as untimely, frivolous and without merit' by Order dated December 23, 2011." **Id.**

In his pending petition, Mr. Jackson challenges the length of his sentence.

In his R&R, Magistrate Judge Kaull noted that "[p]risoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241 is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated." [Doc. 23].

Here, the petitioner is not challenging the execution of his sentence, but rather the length of his sentence. In fact, in his Motion to Amend 2241 Petition [Doc. 28], the petitioner clarifies that he is challenging his conviction. Accordingly, this is an improperly filed § 2241 petition.

This Court notes that, even if the petition were not improperly filed, the petitioner would still not be entitled to relief. The petitioner is challenging a four level enhancement

for the use of a weapon, which the petitioner contends led to the imposition of a sentence beyond the statutory maximum. This is simply not true. The maximum sentence for a conviction under 18 U.S.C. § 113(a)(6) is ten years, the exact sentence imposed in this case.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. To the extent that this Court considered the petitioner's Motion to Amend 2241 Petition [**Doc. 28**], the same is hereby **GRANTED**. Further, the petitioner's Objections **[Doc. 30]** are **OVERRULED**. Accordingly, the petition under 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**. Therefore, this case is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: July 11, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE